JAN DODD (BAR NO. 214362)
TARIFA B. LADDON (BAR NO. 240419)
LESLEY E. SWANSON (BAR NO. 271903)
MICHELLE L. MELLO (BAR NO. 288081)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
jan.dodd@nortonrosefulbright.com
tarifa.laddon@nortonrosefulbright.com
lesley.swanson@nortonrosefulbright.com
michelle.mello@nortonrosefulbright.com

Attorneys for Defendants
Zimmer, Inc.; Zimmer Holdings, Inc.; and
Zimmer Surgical, Inc. (*erroneously sued as*
Zimmer Orthopedics Surgical Products, Inc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLA TIPTON,<br><br>             Plaintiff,<br><br>      v.<br><br>ZIMMER, INC., a Business Entity; ZIMMER HOLDINGS, INC.; ZIMMER ORTHOPEDICS SURGICAL PRODUCTS, INC.; MIKE (LAST NAME UNKNOWN); and DOES 1 through 100, Inclusive,<br><br>             Defendants. | Civil Action No.: 2:15-cv-4171<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[Filed Concurrently with Notice of Interested Parties, Notice of Related Cases and Notice of Pendency of Other Actions]<br><br>Complaint Filed:  August 15, 2014 |

PLEASE TAKE NOTICE THAT Defendants Zimmer, Inc. ("Zimmer"), Zimmer Holdings, Inc. ("Zimmer Holdings"), and Zimmer Surgical, Inc. (*erroneously sued as* Zimmer Orthopedic Surgical Products, Inc.) ("Zimmer Surgical") (collectively, the "Zimmer Defendants"), remove the above-entitled case from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California.  Removal is warranted

1  under 28 U.S.C. §1441(b) because this is a diversity action over which this Court
2  has original jurisdiction pursuant to 28 U.S.C. §1332.

## THE REMOVED CASE

1. The removed case is a civil action filed on August 15, 2014, in the Superior Court of California, County of Los Angeles, and is styled, *Sharla Tipton v. Zimmer, Inc., et al.,* Case No. BC554836.

2. The Zimmer Defendants were served with the Complaint For Damages For Personal Injury ("Complaint") filed by Plaintiff Sharla Tipton ("Plaintiff"), on May 5, 2015.

3. True and correct copies of the Complaint and Summonses served on the Zimmer Defendants, as well as all process and pleadings filed in the state court action, are attached hereto as **Exhibit A**.

4. On May 28, 2015, the Zimmer Defendants filed their Answer To Complaint For Damages For Personal Injury ("Answer") in Los Angeles County Superior Court. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

5. In the Complaint, Plaintiff asserts claims for negligence, products liability, strict liability, breach of express and implied warranties, and fraud. (Ex. A, *passim*.) Plaintiff alleges this case is an action for damages in connection with the "designing, manufacturing, inspecting, retailing, wholesaling, testing, advertising, promoting, distributing and/or warning about the defective NEX GEN LPS knee implants." (Ex. A ¶ 14.)

6. Plaintiff alleges that she had "defective NEX Gen Implants . . . implanted during knee replacement surgeries." (Ex. A ¶ 11.) As a result, Plaintiff claims that she sustained bodily injuries, and that she has and will continue to experience pain and suffering, and incur medical and other related expenses. (Ex. A ¶¶ 15, 16, 17, 20, 21, 22, 29, 30, 31, 39, 40, 41, 50, 51, 52, 59, 60, & 61.)

7. This action should have been filed in federal court pursuant to 28 U.S.C. § 1332, in that there is complete diversity between Plaintiff and the Zimmer Defendants, and the amount in controversy is in excess of the statutory requirement of $75,000.

## THE ZIMMER DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

9. Removal is timely because, under 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. The Zimmer Defendants were served with the Complaint on May 5, 2015. The Zimmer Defendants' Notice Of Removal, thus, is timely filed within thirty (30) days of receipt of documents establishing complete diversity of the parties pursuant to Rule 6(a) of the Federal Rules Of Civil Procedure and 28 U.S.C. § 1446(b).

10. No previous request has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice Of Removal is being served on Plaintiff and a copy is being filed with the Clerk of Court for the Superior Court of the State of California for the County of Los Angeles.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Zimmer Defendants are attached as Exhibits A and B.

## DIVERSITY JURISDICTION EXISTS

13. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1441(b), suits that do not arise under federal law are removable "if none of the parties in interest properly-joined and served as defendant is a citizen of the State in

1  which such action is brought." The only further requirement for diversity
2  jurisdiction is that the amount in controversy exceed $75,000.
3      14.   Complete diversity of citizenship exists.
4      15.   Plaintiff is a citizen and resident of the State of California. (Ex. A ¶
5  1.)
6      16.   State citizenship for diversity purposes requires that the individual be
7  domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090
8  (9th Cir. 1983). A person's domicile is the place he or she resides with the
9  intention to remain or to which he or she intends to return. *Kanter v. Warner-*
10 *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's residence is "prima
11 facie" evidence of domicile. *Smith v. Simmons*, No. 1:05CV01187 (OWW), 2008
12 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. March 14, 2008); *State Farm Mut. Auto.*
13 *Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).
14     17.   Zimmer, being incorporated in Delaware and having its principal place
15 of business in Indiana, is a citizen of both Delaware and Indiana for diversity
16 purposes.
17     18.   Zimmer Holdings, being incorporated in Delaware and having its
18 principal place of business in Indiana, is a citizen of both Delaware and Indiana for
19 diversity purposes.
20     19.   Zimmer Surgical, being incorporated in Delaware and having its
21 principal place of business in Ohio, is a citizen of both Delaware and Ohio for
22 diversity purposes.
23     20.   For purposes of diversity of citizenship, a corporation is deemed to be
24 a citizen of both the state of its incorporation and the state where it has its principal
25 place of business. 28 U.S.C. § 1332(c)(1). Defendants Zimmer, Zimmer Holdings,
26 and Zimmer Surgical are not, nor were at the time of the filing, citizens of the State
27 of California within the meaning of the Acts of Congress relating to the removal of
28 cases.

**AMOUNT IN CONTROVERSY**

21.   It is apparent from the face of the Complaint that the amount in controversy in this case exceeds $75,000.  A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate the amount in controversy exceeds $75,000.  *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998); *Gaus v. Miles, Inc.*, 980 F.2d 564, 576 (9th Cir. 1992).  A lengthy list of damages claimed in the complaint may establish the amount in controversy exceeds $75,000.  *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

22.   In addition, attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction.  *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 240 (1943).  And a reasonable inference of a potential punitive damages award may also be considered in determining the amount in controversy.  *Id.*

23.   The face of the Complaint establishes that Plaintiff seeks damages well in excess of $75,000.  Plaintiff alleges the following injuries and damages:

    a. Continuing serious bodily harm, including severe physical injuries, severe emotional stress, and mental anguish.  (Ex. A ¶¶ 15, 20, 29, 39, 50, 60.)

    b. Continuing medical expenses to treat his injuries and condition, including revision surgery.  (Ex. A ¶¶ 15, 16, 20, 21, 30, 40, 51, 59.)

    c. Economic losses and other damages because of their use of the Zimmer *NexGen* Knee.  (Ex. A ¶¶ 17, 22, 31, 41, 52, 59.)

    d. Punitive damages.  (Ex. A ¶¶ 33, 42, 53, 61.)

24.   This list of alleged damages demonstrates that Plaintiff's claims exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

1     WHEREFORE, Defendants Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer Surgical Products, Inc. (*erroneously sued as* Zimmer Orthopedic Surgical Products, Inc.), respectfully remove the action now pending against them in the Superior Court of the State of California, County of Los Angeles, to this Honorable Court, and request this Court retain jurisdiction for all further proceedings.

Dated:     June 3, 2015

JAN DODD
TARIFA B. LADDON
LESLEY E. SWANSON
MICHELLE L. MELLO
NORTON ROSE FULBRIGHT US LLP

By: */s/ Lesley E. Swanson*
    LESLEY E. SWANSON
    ATTORNEYS FOR DEFENDANT
    ZIMMER, INC.; ZIMMER
    HOLDINGS, INC.; AND ZIMMER
    SURGICAL, INC.
    (*ERRONEOUSLY SUED AS
    ZIMMER ORTHOPEDIC
    SURGICAL PRODUCTS, INC.*)