UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER DENYING PLAINTIFF'S
## MOTION TO REMAND [43]

### I.     INTRODUCTION

Pending before the Court is Plaintiff Sharla Tipton's ("Plaintiff") Motion to Remand.  (Dkt. No. 43 (hereinafter, "Remand").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Plaintiff's Motion.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.     Factual Background

Pending before the Court is a personal injury matter arising from the use of Defendant Zimmer, Inc.'s prosthetic device, a NEX GEN LPS ("NEX GEN") knee implant, in two of Plaintiff's surgeries.  Defendant Zimmer, Inc. is the parent company of Defendants Zimmer Holdings, Inc. and Zimmer Orthopedic Surgical Products, Inc.[1] (collectively, the "Zimmer Defendants").  (Dkt. No. 1 (hereinafter, "Removal"), Ex. A (hereinafter, "Compl.").)

---

[1] Plaintiff's Complaint erroneously named Defendant Zimmer Surgical Products, Inc. as Zimmer Orthopedic Surgical Products, Inc.  (*See* Compl. ¶ 2.)

Case 2:15-cv-04171-BRO-JC Document 53 Filed 06/23/16 Page 2 of 11 Page ID #:813

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

On June 8, 2004, surgeons replaced Plaintiff's right knee with a NEX GEN implant. (Compl. ¶ 11.) Plaintiff alleges that she experienced pain and swelling of the knee following this surgery. (*See* Compl. ¶ 12.)

On January 8, 2013, Plaintiff's surgeon performed a revision surgery, in which the surgeon replaced her NEX GEN implant with a new NEX GEN implant. (*See* Compl. ¶¶ 11–12.) Plaintiff contends that, prior to this revision surgery, her surgeon stated that he would consult with "Mike," a representative from Zimmer. (Compl. ¶ 12.) In a subsequent appointment, the surgeon hypothesized that Plaintiff's knee would improve. (Compl. ¶ 12.) However, Plaintiff's condition did not improve. (*See* Compl. ¶ 15.) Plaintiff contends that each Defendant had actual or constructive knowledge of the defects and failures of the NEX GEN implants she received. (Compl. ¶ 8.) Plaintiff also avers that, as a result of the implantation of the allegedly defective NEX GEN devices, she has suffered from mental, emotional, and bodily injuries. (Compl. ¶ 15.)

### B. Procedural History

Plaintiff initiated this action on August 15, 2014, in the Superior Court of California, County of Los Angeles, against the Zimmer Defendants, Mike (Last Name Unknown),[2] and Does 1 through 100. (*See generally* Compl.) Plaintiff alleges six causes of action against the Zimmer Defendants, including: (1) negligence; (2) products liability; (3) strict liability; (4) strict liability for failure to warn; (5) breach of express and implied warranties; and, (6) fraud. (Compl. ¶¶ 13–61.) Four of Plaintiff's causes of action are brought against Individual Defendant Turner, including: (1) negligence; (2) strict liability for failure to warn; (3) breach of express and implied warranties; and, (4) fraud. (Compl. ¶¶ 13–17, 34–61.) The Zimmer Defendants filed an Answer to Plaintiff's Complaint on May 28, 2015, generally denying each of Plaintiff's allegations and stating thirty-seven affirmative defenses. (*See* Removal, Ex. B.) Plaintiff has not served the Complaint on Individual Defendant Turner, consequently Individual Defendant Turner has not answered Plaintiff's Complaint. (*See* Opp'n at 1.)

---

[2] Plaintiff's Complaint names "Mike (Last Name Unknown)" as a defendant. (*See* Compl. ¶ 4.) As pointed out by the Zimmer Defendants, Plaintiff's Complaint possibly refers to a Mr. Mike Turner. (*See* Dkt. No. 48 (hereinafter, "Opp'n") at 4.) The Court will accordingly refer to "Mike (Last Name Unknown)" as "Individual Defendant Turner."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

On June 3, 2015, the Zimmer Defendants removed the action to this Court, asserting that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Removal at 1–2.) The parties subsequently engaged in fact discovery. Defendants claim that depositions of the doctors involved in Plaintiff's revision surgery demonstrate that Individual Defendant Turner did not contribute to Plaintiff's alleged injuries. (Opp'n at 9.)

The Zimmer Defendants filed a Motion for Summary Judgment as to all claims on April 29, 2016, which is currently pending before the Court. (Dkt. No. 40.) A few weeks later, on May 18, 2016, Plaintiff filed the instant Motion to Remand, (Dkt. No. 43), which the Zimmer Defendants timely opposed on June 6, 2016, (*see* Dkt. No. 48). Plaintiff timely replied on June 13, 2016. (Dkt. No. 50 (hereinafter, "Reply").)

## III.  LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. Thus, a non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not

Case 2:15-cv-04171-BRO-JC Document 53 Filed 06/23/16 Page 4 of 11 Page ID #:815

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder exists, and the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "A merely defective statement of the plaintiff's action does not warrant removal." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Id.*

District courts may consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory"). Thus, a court may consider declarations and affidavits to determine whether "discrete and undisputed facts" would preclude recovery against the non-diverse defendants. *Hunter*, 582 F.3d at 1044. The Ninth Circuit has adopted the view that because the party seeking removal bears the burden of demonstrating fraudulent joinder, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends that the Court lacks subject matter jurisdiction over this lawsuit because the Complaint does not satisfy § 1332's complete diversity requirement.

Case 2:15-cv-04171-BRO-JC   Document 53   Filed 06/23/16   Page 5 of 11   Page ID #:816

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

Plaintiff, domiciled in California,[3] argues that Individual Defendant Turner—also a citizen of California—is not a "doe" defendant, and thus, destroys complete diversity. (*See* Remand at 3.) Complete diversity cannot be satisfied in this case unless Individual Defendant Turner is either a fictitiously named "doe defendant" or a fraudulently joined "sham" defendant. As discussed below, the Court finds that the complete diversity requirement is satisfied.

### A. Individual Defendant Turner is Not a Doe Defendant

First, Plaintiff argues that Individual Defendant Turner is not a fictitiously named "doe" defendant, and thus, the Court should consider his citizenship for diversity jurisdiction purposes. (*See* Remand at 4.) The Court agrees with Plaintiff's premise, and finds that Individual Defendant Turner is not a doe defendant.

Courts cannot consider a fictitious or doe defendant for diversity jurisdiction purposes. 28 U.S.C. § 1441(a). However, if the plaintiff's complaint provides a description of a partially named defendant in a manner such that his or her identity cannot be questioned, then the court should consider his or her citizenship for purposes of determining diversity jurisdiction. *E.g.*, *Green v. Mut. of Omaha*, 550 F. Supp. 815, 818 (N.D. Cal. 1982); *see also Tompkins v. Lowe's Home Center, Inc.*, 847 F. Supp. 462, 463 (E.D. La. 1994) (finding that when the defendant can more readily identify the partially named defendant, courts should consider the citizenship of the partially named defendant).

As discussed above, Plaintiff's Complaint identifies Individual Defendant Turner as "Mike (Last Name Unknown)," (Compl. ¶ 4); because Plaintiff describes Individual Defendant Turner with enough facts to determine his identity, he does not constitute a traditional "John Doe" defendant. *Cf. Newcombe v. Adolf Coors Co.*, 157 F.3d 689, 689–90 (9th Cir. 1998) (finding that a defendant named as "Doe" should be ignored for purposes of diversity jurisdiction). Referred to as "Mike," Individual Defendant Turner is a partially named defendant. Plaintiff's Complaint further describes Individual Defendant Turner as a "territorial manager, director, representative, and/or managing

---

[3] An individual's citizenship for diversity purposes is his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual's domicile is where he or she resides with the intention to remain. *Id.*

Case 2:15-cv-04171-BRO-JC   Document 53   Filed 06/23/16   Page 6 of 11   Page ID #:817

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

agent" and alleges that Plaintiff's surgeon planned to confer with Individual Defendant Turner. (Compl. ¶¶ 4, 12.) Moreover, discovery demonstrated that Zimmer did assign Individual Defendant Turner to Plaintiff's surgery. (*See* Removal at 3, Ex. 3.) Therefore, Plaintiff's Complaint sufficiently describes Individual Defendant Turner.

The doe defendants named in the cases cited by the Zimmer Defendants and Individual Defendant Turner are dissimilar. (*See* Opp'n at 46.) In *Brooks v. Purcell*, the plaintiff named defendants as "Sue Doe, Jennifer Doe, Ozzie Doe and Jane Doe Cook." 57 F. App'x 47, 50 (3d Cir. 2002). But unlike Individual Defendant Turner, at the time of the appeal in *Brooks*, the plaintiff had no evidence to believe that those defendants existed. *Id.* In fact, each case upon which the Zimmer Defendants rely included defendants which were still unknown to both the court and the parties. *See, e.g.*, *Joshi v. K-Mart Corp.*, No. 06-5448, 2007 WL 2814599, at *2 (D.N.J. Sept. 25, 2007) (disregarding the citizenship of defendant "Frank Last Name Unknown" because the plaintiff failed to provide evidence of Frank's identity). Thus, the Court is unpersuaded that Individual Defendant Turner is a doe defendant whose citizenship this Court should disregard for diversity purposes. Accordingly, the Court must determine whether Individual Defendant Turner is a sham defendant.

### B.   Individual Defendant Turner is a Sham Defendant

As an initial matter, Plaintiff asserts that the Zimmer Defendants' argument regarding fraudulent joinder of Individual Defendant Turner is untimely and therefore time-barred. (Removal at 6.) Claims of fraudulent joinder provide a substantive basis for removal which the removing party must raise prior to the thirty-day deadline to amend the removal motion. *Awasthi v. InfoSys Tech. Ltd.*, No. C-10-0783 JCS, 2010 WL 2077161, at *4 (N.D. Cal. May 21, 2010); *see also ARCO Envtl. Remediation, LLC v. (Dep't) of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (asserting that a notice of removal cannot be amended after thirty days). Plaintiff argues that, because Defendant is asserting his fraudulent joinder argument for the first time well beyond the thirty-day deadline's expiration, Defendant waived its fraudulent joinder claim.

Courts may only remand cases for procedural defects in a removal if the party moving to remand raises the defect within thirty days of receiving a notice of removal. 28 U.S.C. § 1447(c); *see also N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines*

Case 2:15-cv-04171-BRO-JC  Document 53  Filed 06/23/16  Page 7 of 11  Page ID #:818

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

*Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (barring a procedural defect argument raised for the first time in a reply to a motion to remand which fell outside the allotted thirty-day period). Conversely, if the motion to remand is based on lack of subject matter jurisdiction, the thirty-day time limit does not apply. *See* 28 U.S.C. § 1447(c). At issue here is the timeliness of Defendant's fraudulent joinder argument. The timeliness of a defendant's pleading raising a sham defendant argument, as opposed to the fraudulent joinder argument itself, is a procedural issue. *See Awasthi*, 2010 WL 2077161, at *3 (referring to the plaintiff's argument that the defendant's "sham defendant" argument was time-barred was a "procedural argument"). Given that Plaintiff filed her Motion for Remand almost one year after the Zimmer Defendants filed their Notice of Removal, Plaintiff may not raise this procedural issue as a basis for remand. *See* 28 U.S.C. § 1447(c). The Court accordingly considers the merits of the Zimmer Defendants' fraudulent joinder argument.

The Zimmer Defendants bear the burden of demonstrating that Individual Defendant Turner, a California citizen, is a sham defendant in this matter. *See Gaus*, 980 F.2d at 566 (describing that a defendant has the burden of establishing that removal is proper). To support a claim that a non-diverse defendant has been fraudulently joined, the removing party must show that the plaintiff has failed to state a cause of action against that non-diverse defendant and the "settled rules of the state" must make that failure evident by clear and convincing evidence. *McCabe*, 811 F.2d at 1339. When determining whether this burden has been met, courts may look to the face of the plaintiff's complaint as well as additional "summary judgment type evidence." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). Both the Complaint and evidence proffered by the Zimmer Defendants show that Plaintiff has failed to state any claim against Individual Defendant Turner.

### 1. The Complaint Fails to State a Claim Against Individual Defendant Turner

As mentioned above, Plaintiff's Complaint alleges four causes of action against Individual Defendant Turner for negligence, strict liability for failure to warn, breach of implied and express warranties, and fraud. (*See* Compl. ¶¶ 13–17, 34–61.) In her Complaint, Plaintiff alleges that Individual Defendant Turner is a "territorial manager, director, representative and/or managing agent" for the Zimmer Defendants. (Compl.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

¶ 4.) Additionally, Plaintiff avers that her doctor stated he would speak with Individual Defendant Turner about the new NEX GEN implants. (Compl. ¶ 12.) Plaintiff, however, fails to describe Individual Defendant Turner's duties or responsibilities in those roles. (*See generally* Compl.)

For the following reasons, Plaintiff's Complaint fails to state a claim for negligence, strict liability for failure to warn, breach of implied and express warranties, and fraud.[4]

### i.     Negligence Claim

Plaintiff's allegations are insufficient to state a claim for negligence against Turner according to California's well-settled law. To be actionable as negligence, the defendant must have breached a duty of care to the plaintiff, which caused the plaintiff's harm, resulting in damages to the plaintiff. *See* Restatement (Second) Torts (Am. Law Inst. 1965). The Complaint fails to indicate that Individual Defendant Turner possessed a duty of care to Plaintiff because Plaintiff fails to explain Individual Defendant Turner's involvement in the surgery. (Compl. ¶¶ 13–17.) The Complaint does not describe any role Individual Defendant Turner played in "designing, manufacturing, inspecting, retailing, wholesaling, testing, advertising, promoting, distributing, and/or warning about the defective NEX GEN implants" and merely refers to "Defendants" generally. (*See* Compl. ¶¶ 13–17.) The Complaint mentions that Plaintiff's doctor "assured" her that he would speak with "Mike" from Zimmer regarding Plaintiff's concerns about the NEX

---

[4] The Court need not address Plaintiff's argument that agency liability supports her assertion that the Complaint stated a claim against Individual Defendant Turner. Plaintiff argues that this Court previously found, in *Young v. Olympus America, Inc.*, that a plaintiff can state a claim against the agent of a company for an agent's independent wrongful conduct. Nos. CV 15–02302 BRO (JCx), CV 15–02311 BRO (JCx), CV 15–02317 BRO (JCx), CV 15–02318 BRO (JCx), CV 15–02319 BRO (JCx), CV 15–02320 BRO (JCx), 2015 WL 3466305, at *8 (C.D. Cal. Jun. 1, 2015). However, this lawsuit is distinguishable because, unlike *Young*, Individual Defendant Turner's role in the alleged tortious conduct is not supported by any factual allegations describing his role. (*See generally* Compl.) Moreover, the depositions of Plaintiff's doctors refute the Complaint's only factual allegation pertaining to Individual Defendant Turner. (*See generally* Opp'n; *cf.* Compl.) Plaintiff's Complaint merely implies that Individual Defendant Turner spoke with one of Plaintiff's doctors. (Compl. ¶ 12.) However, the depositions of those doctors demonstrate that none of the doctors relied upon Individual Defendant Turner to determine which prosthetic device to use. (Opp'n at 13; *see also* Exs. 6–8.)

Case 2:15-cv-04171-BRO-JC Document 53 Filed 06/23/16 Page 9 of 11 Page ID #:820

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

GEN devices. (Compl. ¶ 12.) However, during Plaintiff's subsequent visit, the surgeon did not attribute his positive opinion on NEX GEN implants to information provided by Individual Defendant Turner. (*See* Compl. ¶ 12.) Plaintiff fails to allege Individual Defendant Turner's involvement in Plaintiff's surgery; thus, Plaintiff fails to sufficiently plead that Individual Defendant Turner had a duty of care. Without a duty of care, Plaintiff insufficiently states a claim of negligence against Individual Defendant Turner.

### ii. Strict Liability for Failure to Warn Claim

Like Plaintiff's allegations regarding negligence, her strict liability for failure to warn cause of action provides no factual allegations demonstrating Individual Defendant Turner's involvement in the implantation of the new NEX GEN device. Under California law, a manufacturer is strictly liable when he or she places an item into the stream of commerce that contains defects without inspection for defects. *Green v. Yuba Power Prods., Inc.*, 57 Cal. 2d 57, 61 (Cal. 1963). Strict liability for failure to warn requires that a manufacture notify a consumer of a "foreseeable" dangerous use when a reasonable consumer may not recognize it. *Finn v. G.D. Searle & Co.*, 35 Cal. 3d 691, 698 (Cal. 1984). Although Individual Defendant Turner did not manufacture the NEX GEN implants, this burden has been placed upon "sellers" and "distributors." *See* Restatement (Third) Torts: Products Liability (Am. Law. Inst. 1998). Nevertheless, Plaintiff's Complaint presents no allegations that Individual Defendant Turner is a seller or distributor. (*See generally* Compl.) The Complaint merely alleges that Individual Defendant Turner could be an agent of the Zimmer Defendants. (*See* Compl. ¶ 4.) Moreover, the Complaint leaves Individual Defendant Turner's involvement with the NEX GEN devices uncertain. Because Plaintiff has not sufficiently alleged that Individual Defendant Turner consulted with Plaintiff's surgeon on the NEX GEN device, Plaintiff has failed to state a viable claim against Individual Defendant Turner for failure to warn.

### iii. Breach of Implied and Express Warranty Claim

Under California law, a written statement constitutes an express warranty. Cal. Civ. Code § 1791.2. A breach of express warranty requires that a plaintiff identify a specific and unequivocal written statement from the manufacture that demonstrates a guarantee that the manufacture failed to uphold. *See Yastrab v. Apple, Inc.*, No. 5:14-cv-

Case 2:15-cv-04171-BRO-JC Document 53 Filed 06/23/16 Page 10 of 11 Page ID #:821

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

01974-EJD, 2016 WL 1169424, at *7 (N.D. Cal. Mar. 25, 2016) (applying California law). The Complaint does not mention any written guarantee, and thus fails to state any claim for breach of express warranty. Furthermore, as previously noted, Plaintiff refers to Defendants generally and does not proffer additional allegations about Individual Defendant Turner's involvement.

An implied warranty claim requires that a plaintiff allege that the good in question "(1) pass without objection in the trade under the contract description, (2) are fit for ordinary purposes for which such goods are used, (3) are adequately contained, packaged, and labeled, and (4) conform to the promises or affirmation of fact made on the container or label." Cal. Civ. Code § 1792. As previously stated, Individual Defendant Turner's involvement has not been specified, so the Court cannot adequately apply these elements to Individual Defendant Turner. Therefore, the Court concludes that Plaintiff does not sufficiently state a claim for Breach of Implied and Express Warranties.

### iv. Fraud Claim

Fraud liability requires that "[o]ne . . . wilfully deceive[] another with the intent to induce him to alter his position to his injury or risk." Cal Civ. Code § 1710. Again, Plaintiff's conclusory statements neither establish wilful deceit nor an intent to change the surgeon's position on the NEX GEN device, as the allegations do not speak to Individual Defendant Turner's involvement in Plaintiff's surgery. Therefore, the bare bones facts pertaining to Individual Defendant Turner do not sufficiently state a claim for fraud under California Law.

### 2. The Zimmer Defendants' Proffered Facts

The additional evidence provided by the Zimmer Defendants establishes that Plaintiff failed to and cannot state any claim against Individual Defendant Turner. The Ninth Circuit holds that the Court may consider additional evidence proffered by a defendant when assessing fraudulent joinder. *Morris*, 236 F.3d at 1068. Plaintiff offers minimal additional facts after discovery to rebut Defendants' evidence or otherwise bolster the deficient claims in the Complaint against Individual Defendant Turner. Plaintiff merely offers evidence that Individual Defendant Turner was a representative associated with Plaintiff's surgery. (Remand, Ex. 3.) However, the depositions of

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04171-BRO (JCx) | Date | June 23, 2016 |
|---|---|---|---|
| Title | SHARLA TIPTON V. ZIMMER, INC. ET AL | | |

Plaintiff's surgeons vitiate any probative value this evidence may have had. (*See* Opp'n at 13.) The surgeons never indicated that Individual Defendant Turner influenced their decisions to use NEX GEN implants in Plaintiff's surgery. (*Id.*) Furthermore, one surgeon did not know Individual Defendant Turner. (*Id.*) Due to the timing of Plaintiff's Motion to Remand, Plaintiff has had ample time to discover the extent of Individual Defendant Turner's involvement in Plaintiff's surgery. Additionally, in Plaintiff's Reply, Plaintiff fails to address any of the evidence proffered by the Defendants. (*See generally* Reply.)

Although the Court finds that Individual Defendant Turner is not a doe defendant, Plaintiff's Complaint fails to sufficiently state any claim against him. Thus, the Court finds that the Zimmer Defendants have met their heavy burden of establishing fraudulent joinder by clear and convincing evidence. Individual Defendant Turner is thus a sham defendant and the Court does not consider his citizenship for diversity jurisdiction purposes. As a result, complete diversity exists.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Zimmer Defendants have sufficiently established fraudulent joinder and the complete diversity requirement is satisfied in this case. Therefore, the Court **DENIES** Plaintiff's Motion to Remand.

The hearing set for June 27, 2016 is VACATED.

**IT IS SO ORDERED.**                                        :

|  | Initials of Preparer | rf |
|---|---|---|